UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                            Case No. 09-12785
                                                    HON. BERNARD A. FRIEDMAN

vs.

LILLIAN H. AND KARL W. SCOTT
FOUNDATION, et al.,

    Defendants.
_____/

**ORDER DENYING DEFENDANT JULIANNA
LUKASZEWSKI CHAPLOW'S MOTION TO DISMISS**

**I.    Introduction**

Defendant, Julianna Lukaszewki Chaplow has filed a motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's complaint for failure to state claims upon which relief can be granted. Plaintiff has filed a response brief and Defendant has filed a reply brief. Pursuant to E.D. Mich. LR 7.1(e)(2), the Court shall decide this motion without oral argument.

**II.    Facts**

Plaintiff's two-count complaint against several defendants, including Defendant Julianna Lukaszewki Chaplow ("Defendant" or "Chaplow") seeks to reduce to judgment taxes assessed against The Lillian H. And Karl W. Scott Foundation ("Foundation") and to foreclose a lien filed against the property located at 32 Cranford Lane, Grosse Pointe, Michigan, 48230 (the "Property"). Defendant has owned and resided in the Property since March 1996.

**III.    Analysis**

Plaintiff seeks to reduce to judgment tax assessments made on July 15, 1999 for tax periods in 1992 and 1993 against the Foundation.

Defendant argues in her motion that 1) Plaintiff has failed to timely file its claim against her under the Michigan Uniform Fraudulent Transfer Act ("MUFTA"). MCL §566.31-43; 2) Plaintiff's complaint contains only general allegations, and does not fulfill the heightened pleading requirements of Fed. R. Civ. P. 9(b); 3) Plaintiff's complaint fails to state a claim for relief under MUFTA; and 4) Plaintiff's complaint fails to state a basis for holding Defendant liable for the unpaid taxes of the Foundation as an alter ego or nominee.

### A. Whether Plaintiff's Claims Are Time Barred

The taxes at issue were assessed on July 15, 1999. Plaintiff filed its complaint, dated July 14, 2009, to reduce the assessments to judgment and to foreclose its tax liens pursuant to Title 26, United States Tax Code, §§ 7402 and 7403. The Tax Code provides a ten year statute of limitations for collection after the assessment date. 26 U.S.C. § 6502(a)(1). Accordingly, Plaintiff argues, it had until July 15, 2009 to file suit to reduce the assessments to judgment.

Defendant, in her motion, states that she assumes that the legal basis Plaintiff relies upon in its complaint is fraudulent transfer by the Foundation to Defendant. Defendant then cites to MUFTA, which states that "[a]ll other personal actions shall be commenced within the period of 6 years after the claims accrue and not afterwards unless a different period is stated in the statutes." MCL § 600.5813. As the alleged fraudulent actions took place in 1996, Defendant contends that Plaintiff's action was required to be filed in 2002, at the latest, and is accordingly time-barred.

In response, the United States asserts that its claim is filed pursuant to §§ 7402 and 7403

of the United States Tax Code, seeking to foreclose its nominee/alter ego/transferee tax lien against Defendant. Accordingly, Plaintiff states, its claim is subject to a ten year statute of limitations, as contained within the Tax Code, 26 U.S.C. § 6502. In addition, Plaintiff argues, to the extent its claim is based on a fraudulent transfer, the ten year statute of limitations also applies. Plaintiff correctly points out that even if its fraudulent transfer claim is based on MUFTA, the United States is not bound by the six year statute of limitations under state law if it chooses to bring such a claim. Plaintiff cites to *United States v. Isaac*, which states the following:

> We also do not accept Taxpayers' argument that the suit should have been dismissed because it was not brought within the limitations period in Kentucky's fraudulent conveyance statute. The United States, as sovereign, is not bound by state statutes of limitations, *United States v. Summerlin*, 310 U.S. 414, 416 (1940), except where it has expressly bound itself to them.
>
> The United States does not bind itself to a state statute of limitations simply because it looks to the state's fraudulent conveyance law when applying I.R.C. § 7403 (1988). Whenever courts apply federal revenue law, state law is controlling as to the nature and extent of the individual's property rights, but federal law determines the consequences of those rights. *United States v. National Bank of Commerce*, 472 U.S. 713, 722-23 (1985). Thus, state law determines what constitutes a fraudulent conveyance, but federal law determines the timeliness of the action. *United States v. Fernon*, 640 F.2d 609, 611-12 (5th Cir.1981). *Contra United States v. Vellalos*, 780 F.Supp. 705, 707 (D.Haw.1992). Accordingly, the United States is not bound by the Kentucky statute of limitations.

United States v. Isaac, 1992 WL 159795 *2 (6th Cir. 1992).

Likewise, in the present matter, the United States is not bound by the Michigan statute of limitations, and the Tax Code's ten year statute of limitations is applicable. Accordingly, Plaintiff's complaint is timely.

  **B.**  **Whether Plaintiff Has Met the Applicable Pleading Requirements**

Defendant next argues that Plaintiff's complaint has failed to meet the heightened

3

pleading requirements, as required in order to state a claim for relying on a finding of a fraudulent transfer, of Federal Rule of Civil Procedure 9(b).

Fed. R. Civ. P. 9(b) states:

> **(b) Fraud or Mistake**; Conditions of Mind. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed.R.Civ.P.9(b).

The Sixth Circuit interprets Rule 9(b)'s requirements "liberally. . . requiring a plaintiff, at a minimum, to allege the time, place and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n, 176 F.3d 315, 322 (6th Cir. 1999). The Sixth Circuit, in addressing Rule 9(b)'s pleading requirements, has explained the following:

> Fed.R.Civ.P. 9(b) requires that averments of fraud must be stated with particularity. The Sixth Circuit reads this rule liberally, however, requiring a plaintiff, at a minimum, to "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Ballan v. Upjohn Co.*, 814 F.Supp. 1375, 1385 (W.D.Mich.1992). However, "allegations of fraudulent misrepresentation must be made with sufficient particularity and with a sufficient factual basis to support an inference that they were knowingly made." Id. The threshold test is whether the complaint places the defendant on "sufficient notice of the misrepresentation," allowing the defendants to "answer, addressing in an informed way plaintiffs [sic] claim of fraud." *Brewer*, 644 F.Supp. at 1273.

Coffey v. Foamex L.P., 2 F.3d 157, 161-162 (6th Cir. 1993).

However, "Rule 9(b)'s requirement is not intended to be an insurmountable hurdle for claimants to overcome; the complaint must give the party adequate notice of the charges - it need not marshal all of the evidence against [her]." In re NM Holdings Co., LLC, 407 B.R. 232

4

(E.D.Mich.Bankr. 2009).

Here, the Complaint details the time and location of the alleged fraud, indicating dates in January and February, 1996, and Grosse Pointe, Michigan. Complaint, ¶¶ 16-19. Further, it details the fraudulent scheme, including the transfer of money of the Foundation for the purchase of a personal residence for the Chaplows, as well as other actions and intentions by Mr. Chaplow, and the injury to the United States. Complaint, ¶¶ 16-24. In addition, while not required, the Court notes that Defendant has not identified any points of confusion regarding the allegations contained in the Complaint or the specific portions that are applicable to her, further leading the Court to believe that fraud was plead with sufficient specificity to give Defendant adequate notice of the charges. The Court believes that the United States has met Rule 9(b)'s pleading requirement.

    **C.**    **Whether Plaintiff Has Failed To State A Claim Under MUFTA**

Next, Defendant contends that Plaintiff has failed to establish a fraudulent transfer that violates MUFTA. Defendant argues that Plaintiff can not establish a property interest in the Grosse Pointe property on behalf of the Foundation in order to state a claim under MUFTA.

In response, Plaintiff states that while Defendant may refute many of the factual allegations set forth in the Complaint to support the MUFTA claim, they are still sufficient for the purpose of a proper pleading.

MUFTA states, in relevant part:

> **Sec. 4.** (1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation in either of the following:

> (a) With actual intent to hinder, delay, or defraud any creditor of the debtor.
>
> (b) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor did either of the following:
>
>> (i) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction.
>>
>> (ii) Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.
>
> * * *

MCL 566.34.

In the Complaint, Plaintiff alleges that 1) a transfer of money was made; 2) such transfer was made with the intent to avoid tax liabilities owed to the United States; 3) Defendant did not provide reasonably equivalent value to the Foundation in exchange for the money used to purchase the residence; and 4) the Foundation intended to incur, or believed or reasonably should have believed that it would incur debts beyond its ability to pay as they became due. Complaint, ¶¶ 7-23.

Plaintiff has sufficiently plead its MUFTA claim.

### D. Whether The Complaint States A Sufficient Basis For The Claim That Chaplow Is A Nominee Or Alter Ego

Finally, Defendant argues that Plaintiff's complaint fails to state a basis for holding her liable for the unpaid taxes of the Foundation as an alterego or nominee and should be dismissed as a matter of law. Plaintiff, however, rightly contends that it has made sufficient factual allegations in its Complaint. Defendant discusses Plaintiff's burden of proof, and argues that Plaintiff has failed to meet such burden. Plaintiff is not

required to meet its burden of proof at this time, and both parties still have the benefit of discovery ahead of them to bolster their positions. Plaintiff has sufficiently plead its claims, and dismissal at this point is not appropriate.

**IV.	Order**

Accordingly,

IT IS ORDERED that Defendant's Motion to Dismiss is DENIED.

DATED: April 30, 2010					s/Bernard A. Friedman
							BERNARD A. FRIEDMAN
							UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on April 30, 2010.

							s/Deborah J. Goltz
							DEBORAH J. GOLTZ
							Case Manager